IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**EVERY RICHARDSON**  **PLAINTIFF**
**ADC #139311**

V.          NO. 4:24-cv-30-DPM-ERE

**LORENETTA SMITH,** *et al.*          **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

*Pro se* plaintiff Every Richardson, an Arkansas Division of Correction inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Doc. 2*. Mr. Richardson's original complaint alleges that: (1) on July 30, 2021, Defendant Lorenetta Smith wrote a false disciplinary against him and Defendant Sergeant Franklin issued it to him; (2) on August 5, 2021, Defendant Janice Blake violated his due process rights

by convicting him of the false disciplinary charges without allowing him to present witness testimony on his behalf; (3) as a result of the disciplinary conviction, his classification level was reduced, he was sentenced to 30 days in punitive isolation, his privileges were restricted for 60 days, and he was denied telephone privileges for a year; (4) Defendants Smith, Franklin, and Blake violated ADC policy; (5) the Varner Supermax Behavior Modification Incentive Level Program ("18 month program") is unconstitutional; and (6) Defendant Payne is aware that the 18 month program is unconstitutional, but he has failed to remedy the problem. *Doc. 2*. Mr. Richardson sues each Defendant in his or her individual capacity seeking both monetary and injunctive relief.

On January 23, 2024, the Court entered an Order explaining to Mr. Richardson that his complaint was deficient and giving him the opportunity to file an amended complaint. *Doc. 4*.

After Mr. Richardson failed to timely file an amended complaint, on February 28, 2024, I screened Mr. Richardson's original complaint and recommended that his complaint be dismissed for failure to state a plausible constitutional claim for relief. *Doc. 5*. On the same day, Mr. Richardson filed an amended complaint dated February 21, 2024, two days before his amended complaint was due. *Doc. 6*. On April 3, 2024, the Honorable D.P. Marshall Jr. declined to adopt my Recommendation and returned the case to me to consider the amended complaint.

*Doc. 7.*

Except for three pages, the body of Mr. Richardson's amended complaint is identical to his original complaint. Mr. Richardson's amended complaint includes additional allegations regarding the alleged unconstitutional conditions of his confinement. *Doc. 6 at 16-18.*[1] However, as discussed below, these few additional allegations fail to cure the problems with the original complaint.

### III. Discussion:

#### A. Screening

Screening is mandated by the Prison Litigation Reform Act, which requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v.*

---

[1] Mr. Richardson also attaches an Eighth Circuit opinion to his amended complaint, *Graham v. Baughman*, 772 F.2d 441 (8th Cir. 1985). In that case, the Eighth Circuit held that an inmate's due process rights were violated when prison officials denied him the ability to present witness testimony at his board hearing. Here, however, Mr. Richardson fails to allege that he suffered the loss of a liberty interest sufficient to trigger due process protections such as the ability to call witnesses.

3

*Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

### B. False Disciplinary

The issuance of a false disciplinary, without more, does not rise to the level of a constitutional violation. *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) (citing *Freeman v. Rideout*, 808 F.2d 949, 951–52 (2nd Cir.1986)). Filing a false disciplinary can violate the Constitution if done in retaliation for exercising a federally protected right, but here, Mr. Richardson has not alleged or identified any retaliatory motive that Defendants might have had to issue a false disciplinary.

### C. Due Process Violation

To state a Fourteenth Amendment due process claim, a prisoner "must first demonstrate that he was deprived of life, liberty, or property by government action." See *Phillips v. Norris*, 320 F.3d 844, 846 (8th Cir. 2003). Mr. Richardson's allegations indicate that his proposed due process claim is based on a disciplinary. To be actionable, the punishment Mr. Richardson received as a result of the disciplinary must have been severe enough to have deprived him of a liberty interest. Absent a constitutionally protected liberty interest, Mr. Richardson has no cognizable § 1983 due process claim.

Mr. Richardson alleges that, as a result of his disciplinary conviction, his classification level was reduced, he was sentenced to 30 days in punitive isolation, his privileges were restricted for 60 days, and he was denied telephone privileges for

a year.[2] *Doc. 2 at 6, Doc. 6 at 6*. Such punishment is not severe enough to trigger a liberty interest entitling him to due process protections. See *Thornsberry v. Barden*, 854 F. App'x 105 (8th Cir. 2021) ("Thornsberry's assignment to isolation, loss of privileges, and reclassification were insufficient to state a due process claim."); *Orr v. Larkins*, 610 F.3d 1032, 1034 (8th Cir. 2010) (inmate not deprived of liberty interest during nine months in administrative segregation); *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002) (inmates have no liberty interest in maintaining a particular classification level; and thirty days in punitive segregation is not an atypical and significant hardship); and *Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996) (placement in punitive isolation was not atypical and significant hardship despite restrictions in mail, telephone, visitation, commissary, and property privileges). Accordingly, Mr. Richardson's proposed due process claim fails to state a plausible constitutional claim.

D.   **Violation of ADC Policy and Procedure**

Mr. Richardson's amended complaint, like his original complaint, alleges that Defendants Smith, Franklin, and Blake violated ADC procedure by failing to: (1) include all documents in the incident report regarding Mr. Richardson's disciplinary charges; (2) take photographs of all evidence; and (3) complete a chain of custody

---

[2] Mr. Richardson does not have constitutional right to unlimited telephone use. See *Benzel v. Grammer*, 869 F.2d Ms. 1105, 1108 (8th Cir. 1989) (prisoners do not have a right to unlimited phone use).

form. However, the law is settled that failing to follow prison policies or procedures is not conduct that rises to the level of a constitutional claim. *McClinton v. Arkansas Dep't of Corr.*, 166 Fed. Appx. 260 (8th Cir. 2006) (citing *Kennedy v. Blankenship*, 100 F.3d 640, 643 (8th Cir. 1996)).

### E.   Personal Involvement

Mr. Richardson names ADC Director Dexter Payne as a defendant. However, the only factual allegation against Defendant Payne is that he affirmed Mr. Richardson's appeal of the disciplinary conviction at issue and "is WELL aware of what's going on with the conditions of confinement on this 18 Month Program and is either with it or turning a blind eye to it." *Doc. 2 at 14, Doc. 6 at 14.* (emphasis in original). As explained above, Mr. Richardson's allegations regarding his false disciplinary fail to state a constitutional claim, so Mr. Richardson cannot pursue a constitutional claim against Defendant Payne based on the fact that he affirmed the disciplinary conviction. Mr. Richardson fails to allege that Defendant Payne participated in any other alleged unconstitutional conduct or had direct responsibility for any alleged constitutional violation. Instead, Mr. Richardson appears to seek to hold Defendant Payne liable based on his supervisory position within the ADC.

Well established law holds that a supervisor may not be held vicariously liable under § 1983 for the constitutional violations of a subordinate. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (holding that "vicarious liability is inapplicable to . . . § 1983 suits");

*Saylor v. Nebraska*, 812 F.3d 637, 644-45 (8th Cir. 2016) (because a supervisor cannot be held vicariously liable for the constitutional violations of a subordinate, prisoner must "show that the supervisor personally participated in or had direct responsibility for the alleged violations" or "that the supervisor actually knew of, and was deliberately indifferent to or tacitly authorized, the unconstitutional acts"). As a result, Mr. Richardson's complaint fails to state a constitutional claim for relief against Defendant Payne.

### F. Unconstitutional Conditions of Confinement

Mr. Richardson's amended complaint, like his original complaint, alleges that the conditions of his confinement in the Behavior Modification Incentive Level Program ("the Program") are unconstitutional. Specifically, he states that: (1) he is only offered "one hour of recreation time Monday - Friday in a bird feces infested concrete cell on yard call" (*Doc. 2 at 12; Doc. 6 at 12*); (2) because of the bird feces, "I am confined to my cell for 24 hours a day, 7 days a week" (*Id*.); (3) no religious or rehabilitative activities are offered in the program; (4) telephone use is limited;[3] and (5) access to the television is limited.[4]

---

[3] As the Court previously stated, Mr. Richardson does not have a right to unlimited telephone use. See *Benzel v. Grammer*, *supra*.

[4] "Inmates have no constitutional right to watch television or listen to a radio." *Russell v. Helder*, 2016 WL 4014106, at *6 (W.D. Ark. June 28, 2016), report and recommendation adopted, No. 5:15-CV-5082, 2016 WL 4007698 (W.D. Ark. July 26, 2016).

7

Mr. Richardson's amended complaint adds new allegations that: (1) there are rats in the cells; (2) his cell has flooded; (3) his cell is freezing; (4) ADC officials do not provide inmates cleaning supplies; and (5) ADC officials do not allow inmates to "get a hairline or facial hair lined up." *Doc. 6 at 16*.

To move forward on an inhumane conditions of confinement claim, Mr. Richardson must allege facts which, taken as true, support a reasonable inference that he suffered a serious deprivation of "the minimal civilized measure of life's necessities" and the "offending conduct [was] wanton." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner." *Revels v. Vincenz*, 382, F.3d 870, 875 (8th Cir. 2004) (citations and quotation marks omitted).

Mr. Richardson's amended complaint, like his original complaint, fails to identify any Defendant responsible for the alleged unconstitutional conditions of confinement. In addition, his factual allegations are insufficient to satisfy both the subjective and objective elements required to state a plausible conditions of confinement claim.[5]

---

[5] An inmate's prolonged assignment to the Program, without meaningful periodic reviews,

## IV.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Richardson's claims be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. The Court certify that an in forma pauperis appeal of this dismissal would be frivolous and not taken in good faith.

4. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g).

Dated 10 April 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

could implicate a liberty interest triggering rights under the due process clause. See *Chestang v. Varner Super Max*, 2013 WL 104539 (8th Cir. 2013) (while an inmate's initial placement in a behavior modification program did not implicate a constitutionally protected liberty interest, his continued segregation for four years, without meaningful periodic reviews, potentially stated a due process claim). Mr. Richardson does not allege that he has been denied meaningful periodic reviews while in the Program. Thus, Mr. Richardson's complaint also fails to state a plausible due process claim.