# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**EVERY RICHARDSON**
**ADC #139311**                                                                                    **PLAINTIFF**

v.                            No. 4:24-cv-30-DPM-ERE

**LORENETTA SMITH, Lieutenant,**
**Varner/Varner Super Max; SEDRICK**
**FRANKLIN, Disciplinary Serving**
**Sergeant, Varner/Varner Super Max;**
**JANICE BLAKE, Disciplinary Hearing**
**Officer, Arkansas Department of**
**Corrections; and DEXTER PAYNE,**
**Director, Arkansas Department**
**of Corrections**                                                                                 **DEFENDANTS**

## ORDER

On *de novo* review, the Court mostly adopts and partly declines the recommendation, *Doc. 10*. Fed. R. Civ. P. 72(b)(3).

Richardson's claims related to his alleged false disciplinary and conviction, his claims against Dexter Payne, and his claims regarding yard call, lack of religious activities, phone and television access, and denial of cleaning supplies and haircuts are dismissed without prejudice for failure to state a claim. Richardson's objections on those issues are overruled.

The Court declines the recommendation on his conditions of confinement claims about the alleged rat-infested, flooded, and

freezing cells. It's true that Richardson hasn't connected these claims to any particular defendant. They may falter on an exhaustion defense. But, construing Richardson's amended complaint liberally, those claims should proceed at this early stage of the case.

The Court also declines the recommendation as to his conditions of confinement claim about the alleged lack of rehabilitative programs. Richardson says that the prison assigned him to the Behavior Modification Incentive Level Program because he was convicted of several disciplinary violations. This program, he says, is similar to punitive isolation, but the prison is supposed to provide rehabilitative curriculum. Richardson claims that prison officials aren't providing any of the rehabilitation videos or homework that they should be according to the program handbook. *Doc. 6 at 42-53.* The Court of Appeals has acknowledged that, in combination with other circumstances, an allegation that a prison lacks rehabilitative programs could violate the Eighth Amendment. *Finney v. Arkansas Board of Correction*, 505 F.2d 194, 209 (8th Cir. 1974). And as discussed above, Richardson has also alleged conditions of confinement claims about his cell in the program. At screening, this is enough to state a plausible Eighth Amendment claim.

Motion for Order, *Doc. 12*, granted for good cause. The Court directs Richardson's custodians to return $84.55 to his inmate trust

account. The Court directs the Clerk to send a copy of this Order to three addresses:

- the Arkansas Division of Correction Compliance Division, P.O. Box 20550, Pine Bluff, AR 71612;
- the Arkansas Division of Correction Trust Fund Centralized Banking Office, P.O. Box 8908, Pine Bluff, AR 71611; and
- the Warden of the Arkansas Division of Correction Varner Supermax Unit, P.O. Box 600, Grady, AR 71644.

\* \* \*

The Court returns this case to the Magistrate Judge for further proceedings on Richardson's conditions of confinement claims related to the alleged rat-infested, flooded, and freezing cells and the alleged lack of rehabilitation programs.

So Ordered.

*WPMarshall Jr.*
D.P. Marshall Jr.
United States District Judge

16 May 2024