# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**EVERY RICHARDSON**  **PLAINTIFF**
**ADC #139311**

V.  NO. 4:24-cv-30-DPM-ERE

**LORENETTA SMITH,** *et al.*  **DEFENDANTS**

## RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge D.P. Marshall Jr. You may file written objections to all or part of this Recommendation. Any objections filed must: (1) specifically explain the factual and/or legal basis for the objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not object, you risk waiving the right to appeal questions of fact and Judge Marshall can adopt this Recommendation without independently reviewing the record.

**II.   Background:**

*Pro se* plaintiff Every Richardson, an Arkansas Division of Correction ("ADC") inmate, filed this civil rights lawsuit under 42 U.S.C. § 1983. *Docs. 2, 6*. Mr. Richardson is pursuing unconstitutional conditions of confinement claims against Defendants Lorenetta Smith, Sedrick Franklin, and Janice Blake ("Defendants"). Specifically, Mr. Richardson alleges that: (1) he has been housed in

rat-infested, flooded, and freezing cells; and (2) the Behavior Modification Incentive Level Program fails to provide any rehabilitative programs.[1] *Doc. 13*.

Defendants have filed a motion for summary judgment, brief in support, and statement of facts, arguing that Mr. Richardson failed to exhaust his administrative remedies. *Docs. 25, 26, 27*. Mr. Richardson has not responded to the motion, and the time for doing so has passed (*Doc. 28*). The motion is now ripe for review.

For the reasons stated below, Defendants' motion for summary judgment (*Doc. 25*) should be GRANTED.

## III. Discussion:

### A. The PLRA Makes Exhaustion Mandatory

The Prison Litigation Reform Act ("PLRA") requires the Court to dismiss any claim raised that was not fully exhausted before filing a civil lawsuit under 42 U.S.C. § 1983. *See* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining the proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly"); *Johnson v. Jones*,

---

[1] The Court previously dismissed for failure to state a claim Mr. Richardson's claims related to his alleged false disciplinary and conviction, his claims against Dexter Payne, and his claims regarding yard call, lack of religious activities, phone and television access, and denial of cleaning supplies and haircuts. *Doc. 13*.

2

340 F.3d 624, 627 (8th Cir. 2003) (holding an inmate must exhaust all available administrative remedies before filing suit, and "[i]f exhaustion was not completed at the time of filing, dismissal is mandatory").

Importantly, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). To resolve the exhaustion question, the Court must: (1) determine what administrative remedies the ADC made available to inmates to bring and resolve claims; and (2) determine whether Mr. Richardson fully and properly complied with the administrative remedies that were made available to him.

B.   The ADC Grievance Procedure

At all times relevant to this action, the ADC provided a three-step administrative grievance process through ADC Administrative Directive 19-34. *Doc. 25-2*. The written policy advises inmates they must exhaust their administrative remedies at all levels before filing a § 1983 lawsuit. *Id. at 19*.

To fully and properly exhaust administrative remedies, an ADC prisoner must file: (1) a "Step One" informal resolution raising the claim with the designated unit-level problem-solver within fifteen calendar days of the incident; (2) a "Step Two" formal unit-level grievance raising the claim with the Warden within three business days of the denial of the informal resolution; and (3) an appeal to the appropriate ADC Chief Deputy/Deputy/Assistant Director within five working days of the

3

Warden's decision. *Id.* at 6-14. The grievance process ends when the appropriate Chief Deputy/Deputy/Assistant Director renders a written decision or rejects the appeal. *Id.* at 14.

To complete the exhaustion process before bringing this lawsuit, Mr. Richardson was required to present his claim against Defendants in a timely filed grievance and pursue all three steps of the ADC's grievance process until he received a decision on the merits at the final stage. See *Woodford*, 548 U.S. at 90 (explaining that administrative exhaustion "means using all steps that the agency holds out and doing so *properly* (so that the agency addresses the issues on the merits)") (emphasis in original); *Hammett v. Cofield*, 681 F.3d 945, 947 (8th Cir. 2012) (a prisoner's remedies are exhausted "when [the] inmate pursues the prison grievance process to its final stage and receives an adverse decision on the merits.").

### C.   Mr. Richardson's Grievance History

Defendants submit the declaration of Terri Grigsby, the ADC Inmate Grievance Supervisor. *Doc. 25-1*. Ms. Grigsby states that she reviewed Mr. Richardson's grievance history and found two potentially relevant grievances: (1) a grievance in which Mr. Richardson mentioned Lorenetta Smith, but asserted claims unrelated to the claims pending in this lawsuit (grievance VSM-21-1644); and (2) a grievance relevant to Mr. Richardson's claims related to the Behavior Modification Program, but not fully exhausted (grievance VSM-23-812). *Id.* at 7-8.

On August 19, 2021, Mr. Richardson submitted grievance VSM-21-1644, complaining that Defendant Smith falsified documents against him. *Doc. 25-3 at 1*. ADC official rejected that grievance because it raised a disciplinary matter. The issues presented in grievance VSM-21-1644 are unrelated to the claims in this lawsuit.

On May 18, 2023, Mr. Richardson submitted grievance VSM-23-812, complaining that the Behavior Modification Program failed to include any rehabilitative services. *Doc. 25-4 at 1*. ADC officials initially denied that grievance as untimely. *Id. at 2*. Although Mr. Richardson appealed the denial of that grievance, the Chief Deputy Director rejected Mr. Richardson's appeal because he failed to attach the Unit Level Grievance Form as required by the ADC inmate grievance procedure.[2] *Id. at 3*. As a result, Mr. Richardson did not receive a final decision on the merits of grievance VSM-23-812 and the claims raised in that grievance were not fully exhausted.

Mr. Richardson offers no evidence to dispute Defendants' evidentiary showing. Nor does he offer any argument to contradict Defendants' argument. On this record, there is no genuine issue of material fact on the threshold question of whether Mr. Richardson fully exhausted his pending claims by asserting them in the

---

[2] According to the ADC inmate grievance procedure, an inmate must include the Unit Level Grievance Form (Attachment I) to their appeal to the Chief Deputy/Deputy/Assistant Director. *Doc. 25-2 at 12*.

ADC's grievance process and fully exhausting all available remedies there before bringing this lawsuit. As a result, Defendants are entitled to judgment as a matter of law.

IV. **Conclusion:**

IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' motion for summary judgment (*Doc. 25*) be GRANTED.

2. Mr. Richardson's unconstitutional conditions of confinement claims against Defendants Smith, Franklin, and Blake be DISMISSED, without prejudice, for failure to exhaust administrative remedies.

3. The Clerk be instructed to close this case.

DATED 20 September 2024.

_____
UNITED STATES MAGISTRATE JUDGE